C. S. & S. Burts, plaintiffs in error, *vs.* Charles T. Farrar, defendant in error.

The Constitution of 1868 intended to provide for an appeal to the Superior Court from the judgments of Justices of the Peace, in all cases, where the amount in controversy between the parties was over $50 00, whether that controversy originated in a claim case, or in any other class of cases of which the Justices of the Peace had jurisdiction to hear and determine.

Claims. Appeals. Justice Court. Before Judge Underwood. Whitfield Superior Court. October Term, 1873.

For the facts of this case, see the decision.

T. R. Jones; Johnson & McCamy, for plaintiffs in error.

D. A. Walker, by brief, for defendant.

Burts *vs.* Farrar.

WARNER, Chief Justice.

This was a motion made in the Court below in arrest of a judgment which had been rendered in that Court. The motion was overruled, and the plaintiff in error excepted. The record containing the proceedings in the case in which the judgment was rendered is not before us. The agreed statement of facts as to what is in the record are, that Farrar sued out an execution, founded on a laborer's lien, for $75 00, which was levied on a shingle machine worth $400 00, and claimed by Burts. The execution was issued by a Justice of the Peace, and the claim was returned and tried before him, who decided that the property levied on was not subject. Farrar entered an appeal to the Superior Court, and on the trial of the appeal, the jury found the property levied on subject to the execution, and judgment was entered thereon. The motion in arrest of judgment is made on the ground that an appeal did not lie from the judgment of the Justice in a claim case to the Superior Court, and, therefore, that Court had no jurisdiction to try it and render a judgment thereon.

By the Constitution, Justices of the Peace have jurisdiction in civil cases where the principal sum claimed does not exceed $100 00; but in cases where the sum claimed is more than $50 00, there may be an appeal to the Superior Court, under such regulations as may be prescribed by law. The 2d section of the Act of 1868 provides for an appeal to the Superior Court from the judgment of the Justice, when the amount is over $50 00, as contemplated by the Constitution, and this applies as well to the judgment of the Justice in claim cases as to his judgment in any other class of cases of which he has jurisdiction, where the amount claimed is over $50 00. In this case, the plaintiff claimed $75 00 to be due him, and levied his execution on the shingle machine, worth $400 00, to satisfy that claim, and when it was claimed by Burts, the question for the judgment of the Justice was, whether it was subject to be sold to satisfy the plaintiff's claim of $75 00, and that being so, either party dissatisfied

with the judgment of the Justice, had the right to appeal therefrom to the Superior Court. The Constitution intended to provide for an appeal to the Superior Court from the judgment of Justices of the Peace in all cases where the amount in controversy between the parties was over $50 00, whether that controversy originated in a claim case, or in any other class of cases of which the Justices of the Peace had jurisdiction to hear and determine. There was no defect in the pleadings, or record, so far as the bill of exceptions discloses on the agreed statement of facts, which would authorize the Court to have arrested the judgment.

Let the judgment of the Court below be affirmed.